IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **DENISE WHITMAN,** | : | CIVIL ACTION NO. _____ |
| **Individually and on Behalf of All** | : | |
| **Others Similarly Situated,** | : | |
| | : | |
| Plaintiff, | : | **COLLECTIVE ACTION** |
| | : | |
| v. | : | |
| | : | |
| **CRAWFORD & COMPANY,** | : | |
| | : | |
| Defendant. | : | **JURY TRIAL DEMANDED** |

**INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT**
<u>**UNDER THE FAIR LABOR STANDARDS ACT**</u>

<u>**NATURE OF THE ACTION**</u>

1.     Plaintiff Denise Whitman ("Whitman" or "Plaintiff") brings this civil action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA" or the "Act") on behalf of herself and on behalf of all those similarly situated, to recover unpaid back wages (29 U.S.C. § 211(a)), an additional equal amount as liquidated damages (29 U.S.C. § 216(c)), attorneys' fees and costs (29 U.S.C. § 216), and pre- and post-judgment interest.

2.     Defendant Crawford & Company ("Crawford" or "Defendant") has violated the FLSA within the past three years by not paying their claims managers and adjusters (including Plaintiff and others similarly situated) for the overtime

hours they worked on projects adjusting third-party loss claims against oil and gas industry clients, such as ExxonMobil ("Exxon").

3. Plaintiff, as putative collective/class representative, seeks certification of this suit as a collective action on behalf of all current and former managers, adjusters or others who have performed duties similar to the duties performed by Plaintiff for Crawford adjusting third-party loss claims against oil and gas industry clients, including but not limited to Exxon, within the past three years (collectively referred to as the "Similarly Situated Employees").

## THE PARTIES

4. Plaintiff Denise Whitman resides in Temple, Texas. Whitman worked for Defendant in Baton Rouge, Louisiana from approximately March 2014 to May 2014 adjusting third-party loss claims against Exxon resulting from "bad gas" that Exxon sold through gas stations in the Baton Rouge area that allegedly caused engine damage. For this event, Crawford employed approximately thirty (30) managers/adjusters in Baton Rouge and about seventy (70) managers/adjusters in Atlanta, Georgia.

5. Defendant Crawford & Company is a Georgia corporation with its principal place of business in the Northern District of Georgia, Atlanta Division. Crawford may be served with process by delivering a copy of the Summons and Complaint to its Registered Agent, being Corporation Service Company, at 40

Technology Parkway South, Ste. 300, Norcross, Georgia 30092, or wherever else it may be found.

## JURISDICTION AND VENUE

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1131 (federal question jurisdiction) and 29 U.S.C. § 216(b) (the FLSA).

7. Defendant Crawford's principal place of business is 1001 Summit Blvd., 10th Floor, Atlanta, Georgia 30319. Therefore, this action is within the jurisdiction of the United States District Court for the Northern District of Georgia and venue is proper in the Northern District of Georgia, Atlanta Division.

8. Defendant was Plaintiff's, and all others similarly situated, employer within the meaning of the FLSA.

## ENTERPRISE AND INDIVIDUAL FLSA COVERAGE

9. At all relevant times, Defendant Crawford has engaged in related activities performed through unified operation or common control for a common business purpose; has employees engaged in interstate commerce or in the production of goods or services for interstate commerce, or employees handling, receiving, selling or otherwise working on goods or material that have been moved in or produced for interstate commerce; and has an annual gross volume of sales made or business done of not less than $500,000. Defendant Crawford, therefore, constitutes an enterprise engaged in interstate commerce or in the production of

goods or services for interstate commerce within the meaning of the FLSA (29 U.S.C. §203(r) & (s)).

10. In addition, in connection with their employment with Defendant, Plaintiffs, and all others similarly situated, engaged in interstate commerce within the meaning of the FLSA (29 U.S.C. §§ 206(a) & 207(a)(1)).

## BACKGROUND AND STATEMENT OF CLAIMS

### A. Crawford Illegally Pays Plaintiffs For Work On Third Party Loss Projects For Oil And Gas Industry Clients.

11. As alleged above, Plaintiff and other Similarly Situated Employees worked for Defendant in Baton Rouge, Louisiana from approximately March 2014 to May 2014 adjusting third-party loss claims against Exxon.

12. Besides "bad gas" events, Crawford has employed managers/adjusters for work adjusting third party-loss claims against oil and gas industry clients (such as Exxon) for injuries resulting from oil spills and oil refinery explosions, blow-off incidents, and other accidents.

13. Plaintiff and other Similarly Situated Employees worked substantial overtime hours for Defendant on this project. Plaintiff and other Similarly Situated Employees typically worked seven (7) days per week and approximately 12.5 hours per day throughout her employment in Baton Rouge; thus, regularly working nearly fifty (50) hours of overtime per week.

14. Plaintiff and other Similarly Situated Employees were not compensated for the overtime hours they worked.

15. Plaintiff and other Similarly Situated Employees were paid only an invalid day rate for their work.

16. Pursuant to Defendant's standard policy for its day rate employees, Plaintiff's day rate (and that of other Similarly Situated Employees) was docked in quarter-day increments if she missed a partial day of work.  For example, Ms. Whitman was docked ½ day when she had to leave work because her father died.

**B.  Class Of Others Illegally Paid For Work On Third Party Loss Projects For Oil And Gas Industry Clients.**

17. Within the past three years, Crawford has violated the FLSA by willfully failing to pay overtime to managers, adjusters, and others who have performed duties similar to the duties performed by Plaintiff adjusting third-party loss claims against Crawford's oil and gas industry clients (including but not limited to Exxon), with such other individuals also paid under an invalid non-guaranteed day rate system without overtime pay for overtime hours worked.

18. Because Defendant paid Plaintiff and the other Similarly Situated Employees under an invalid non-guaranteed day rate system that was subject to deductions for partial-day absences, without any additional compensation for overtime worked, overtime would be due at a rate of one and one-half the regular

rate of pay for any overtime hours worked in excess of forty (40) hours in a workweek.

19. Additionally, the Plaintiff and other Similarly Situated Employees performed non-exempt work duties.

20. Notwithstanding the fact that Plaintiff and other Similarly Situated Employees were entitled to this overtime pay, Defendant failed to pay Plaintiff or the other Similarly Situated Employees overtime pay.

21. Defendant knew it was required by the FLSA to pay an additional one and one-half premium rate for the overtime work of Plaintiff and the other Similarly Situated Employees.

22. Defendant willfully failed to pay Plaintiff and the other Similarly Situated Employees overtime.

23. The failure to pay overtime to Plaintiff and the other Similarly Situated Employees was a violation of the FLSA, including §§ 207(a) and 15(a)(2).

## CLASS/COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff hereby adopts and incorporates by reference all of the foregoing paragraphs, as if set forth herein again.

25. There is a collective/class of other claims managers and adjusters who have performed work similar to Plaintiff and were subject to the same illegal pay practices.

26. Defendant would make deductions to the daily rate of pay for partial-day absences for Plaintiff and the other similarly situated claims managers and adjusters who performed work adjusting third-party loss claims for oil and gas industry clients. Thus, overtime would be due at a rate of one and one-half the regular rate of pay for all hours worked in excess of forty (40) hours in each workweek (rather than the half-time overtime rate applicable to properly administered day rate compensation plans).

27. Plaintiff and the other Similarly Situated Employees were not guaranteed any specific number of paid days in any workweek and they were not paid on a salary basis.

28. Plaintiff and the other Similarly Situated Employees have consistently worked more than forty (40) hours in most workweeks when working on third party loss projects for oil and gas industry clients within the past three years.

29. Plaintiff and the other Similarly Situated Employees have not been paid for overtime at one and one-half times the regular rate of pay for hours worked in excess of forty (40) hours in their workweeks within the past three years.

30. Plaintiff and the other Similarly Situated Employees are entitled to payment of overtime at the rate of an additional one and one-half times their regular rate of pay for the time period within three years before the filing of this action to the present.

31. Plaintiff and the other Similarly Situated Employees of Defendant on whose behalf this lawsuit is brought include all present and former managers, adjusters and others performing duties similar to the duties performed by Plaintiff adjusting third-party loss claims against oil and gas industry clients (including but not limited to Exxon) who were paid under an invalid non-guaranteed day rate system (that was subject to deductions for partial-day absences), without any compensation for overtime worked. These individuals have been subject to the same policies and practices as Plaintiff regarding non-payment of overtime wages at an additional one and one-half times their regular rate of pay.

32. Defendant has violated 29 U.S.C. §207 of the FLSA by failing to pay Plaintiff, and the other Similarly Situated Employees, overtime compensation required by the FLSA in workweeks in which they worked in excess of forty (40) hours.

33. Defendant's violations have been willful.

34. There are questions of law and fact common to the class/collective.

35. The claims or defenses of the representative, Plaintiff Whitman, are typical of the claims or defenses of the class/collective.

36. The representative, Plaintiff Whitman, will fairly and adequately protect the interests of the collective/class.

37. Counsel for Plaintiff, Starzyk & Associates, P.C., has conducted significant investigation as to potential claims and parties in this case.

38. Prosecuting this case as a class/collective action for similarly situated employees who have been unlawfully denied overtime wages will promote judicial efficiency and will best protect the interest of the class/collective members.

39. There are no conflicts of interest among the class/collective members.

40. Counsel for Plaintiff, Starzyk & Associates, P.C., is knowledgeable and experienced in the field of employment law (specifically including overtime claims under the FLSA), class/collective actions and complex litigation, and can and will fairly and competently represent the interests of all class members.

41. Counsel for Plaintiff have and will commit the human and financial resources necessary to represent the class/collective.

42. Plaintiff's written Consent to this action is attached as <u>Exhibit A</u> and incorporated by this reference.

### COUNT I:
### UNPAID OVERTIME UNDER THE FAIR LABOR STANDARDS ACT (FLSA)
### (INDIVIDUAL AND CLASS/COLLECTIVE ACTION)

43. Plaintiff hereby adopts and incorporates by reference all of the foregoing paragraphs, as if set forth herein again.

44. Plaintiff and the other Similarly Situated Employees were not paid on a salary basis.


45. Plaintiff and the other Similarly Situated Employees did not perform overtime exempt duties as their principal work.

46. Plaintiff and the other Similarly Situated Employees are entitled to overtime at a rate of an additional one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

47. Plaintiff and the other Similarly Situated Employees have worked in excess of forty (40) hours in most workweeks within the past three years.

48. Defendant has failed to pay overtime to Plaintiff and the other Similarly Situated Employees for hours worked in excess of forty (40) hours in the workweeks of the past three years.

49. Plaintiff and the other Similarly Situated Employees are further entitled to recover an additional equal amount as liquidated damages (29 U.S.C. § 216(c)) and attorneys' fees and costs (29 U.S.C. § 216).

50. Defendant's failure to pay overtime was willful, thus entitling Plaintiff and the other Similarly Situated Employees to a three year statute of limitations.

## **PRAYER**

**WHEREFORE**, Plaintiff, through her undersigned counsel, demand a trial by jury and respectfully request that this Court:

    A. Upon proper motion, enter an order certifying this suit as a collective action on behalf of all current and former managers, adjusters, and

others who have performed duties similar to the duties performed by Plaintiff for Crawford adjusting third-party loss claims against oil and gas industry clients (including but not limited to Exxon) and that Notice therefore be distributed to all putative class/collective members;

B. Order Defendant to make Plaintiff and the other Similarly Situated Employees whole by paying the overtime wages due;

C. Order Defendant to pay interest and liquidated damages on all wages owed;

D. Order Defendant to make proper payments of all Federal withholdings and taxes to the Internal Revenue Service;

E. Order Defendant to pay costs and attorneys' fees incurred by Plaintiff and the others similarly situated; and

F. Grant such further relief as the Court deems necessary and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Date: March 23, 2016                         RESPECTFULLY SUBMITTED,

/s/ Edward C. Konieczny
Edward C. Konieczny
Georgia Bar No. 428039

**EDWARD C. KONIECZNY LLC**
230 Peachtree Street NW, Suite 2260
Atlanta, Georgia 30303
Telephone: (404) 380-1430
Facsimile: (404) 382-6011
ed@koniecznylaw.com

**-AND-**

/s/ Michael A. Starzyk
**Michael A. Starzyk***
Texas Bar No. 00788461
mstarzyk@starzyklaw.com
**April L. Walter***
Texas Bar No. 24052793
awalter@starzyklaw.com
**Megan M. Mitchell***
Texas Bar No. 24073504
mmitchell@starzyklaw.com

**STARZYK & ASSOCIATES, PC**
10200 Grogan's Mill Rd, Suite 300
The Woodlands, Texas 77380
Telephone:  (281) 364-7261
Facsimile:  (281) 364-7533

**ATTORNEYS FOR PLAINTIFF, Individually and on Behalf of All Others Similarly Situated**

*\*Motions For Admission Pro Hac Vice Will Be Filed Promptly*

12