EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Denise Whitman, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CRAWFORD & COMPANY,<br><br>Defendant. | Civil Action No.<br>1:16-cv-00941-RWS |

## JOINT MOTION FOR DISMISSAL WITH PREJUDICE

Plaintiffs, Denise Whitman, John Whitman, Clarence Bolden, Dayton Lee Francis, James Clay Kincaid, and Rusty Wilkinson (collectively "Plaintiffs"), and Defendant, Crawford & Company ("CRAWFORD" or "Defendant"), by and through their respective counsel, jointly move this Court for approval of the Parties' settlement of this matter and dismissal with prejudice of this action. Contemporaneously with this Joint Motion, the parties in the related case of *Christopher Tabron v. Crawford & Company*, Civil Action No. 1:16-cv-00940-RWS ("*Tabron*") jointly move this Court for approval of the Parties' settlement. In support of this Motion, the Parties state as follows:

## STATEMENT OF THE CASE

This is a cause of action arising under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, et seq. Plaintiffs allege that they were not properly compensated under the FLSA for hours worked in excess of forty (40) in a given workweek for work on projects for CRAWFORD's non-insurance clients for which they were paid in part or whole on a daily basis or daily rate of pay ("Day Rate Projects").

Crawford denies any liability to the Plaintiffs for wages under the FLSA. Specifically, Crawford contends that Plaintiffs were properly paid for all hours worked in compliance with the FLSA.

Despite these opposing views of the case, the Parties have agreed that it is in their best interests to settle this case to avoid further costs and uncertainty. As such, the Parties entered into the Settlement and Complete Waiver/Release Agreement ("Settlement Agreement"). In exchange for the conclusive resolution of this suit, Defendant agreed to pay Plaintiffs and Plaintiffs' counsel the following disbursements:

- Denise Whitman - $67,259.17 (for this case and *Tabron*)
- John Whitman - $97,357.10 (for this case and *Tabron*)
- James Kincaid - $189,969.99 (for this case and *Tabron*, as well as asserted but unfiled California wage and hour claims)

- Rusty Wilkinson - $137,541.09 (for this case and *Tabron*, as well as asserted but unfiled California wage and hour claims)

- Clarence Bolden - $24,948.71

- Lee Francis - $17,226.33

- Plaintiffs' counsel - $344,933.33 (for this case and *Tabron*)

The parties believe this settlement is fair and reasonable under all of the facts and circumstances.[2]

## ARGUMENT

The parties to an FLSA action can resolve the dispute and enter into a valid waiver of the employee's FLSA claims in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages to them is supervised by the Secretary of Labor. See 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a settlement and the court enters a stipulated judgment approving the fairness of the settlement. Id. at 1353.

---

[2] Should the Court require additional briefing/information about Plaintiffs' attorneys' fees as provided in the Settlement Agreement, Plaintiffs' Counsel will do so immediately upon request.

In discussing the approval of FLSA settlements, the Eleventh Circuit has noted:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Lynn's Food Stores, 679 F.2d at 1354.

In the case at bar, Plaintiffs worked for Crawford as at-will employees.  Through discussions between their counsel, the Parties have reached a settlement that all Parties agree is a fair and reasonable compromise of any FLSA claims that Plaintiffs have against CRAWFORD for Day Rate Projects.

## CONCLUSION

WHEREFORE, the Parties jointly request that this motion be granted and the Court enter an Order (a) approving the settlement, (b) dismissing this action with prejudice, and (c) retaining jurisdiction to enforce the Parties' settlement agreement.

Respectfully submitted this 14 day of July, 2016.

| | |
|---|---|
| */s/Edward C. Konieczny* | */s/Robert C. Stevens* |
| **Edward C. Konieczny** | **Robert C. Stevens** |
| Georgia Bar No. 428039 | Georgia Bar No. 680142 |
| ed@koniecznylaw.com | bstevens@seyfarth.com |
| **EDWARD KONIECZNY LLC** | **Louisa J. Johnson** |
| 230 Peachtree Street, NW, Suite 2260 | Georgia Bar No. 391805 |
| Atlanta, Georgia 30303 | lojohnson@seyfarth.com |
| Telephone: (404) 380-1430 | **SEYFARTH SHAW LLP** |
| Facsimile: (404) 382-6011 | 1075 Peachtree Street NE |
| | Suite 2500 |
| **-AND-** | Atlanta, Georgia 30309 |
| | Telephone: (404) 885-1500 |
| */s/Michael A. Starzyk* | Facsimile: (404) 892-7056 |
| **Michael A. Starzyk** | |
| Texas Bar No. 00788461 | **ATTORNEYS FOR DEFENDANT** |
| mstarzyk@starzyklaw.com | |
| **April L. Walter** | |
| Texas Bar No. 24052793 | |
| awalter@starzyklaw.com | |
| **Megan M. Mitchell** | |
| Texas Bar No. 24073504 | |
| mmitchell@starzyklaw.com | |
| **STARZYK & ASSOCIATES, PC** | |
| 10200 Grogan's Mill Rd, Suite 300 | |
| The Woodlands, Texas 77380 | |
| Telephone: (281) 364-7261 | |
| Facsimile: (281) 364-7533 | |

**ATTORNEYS FOR PLAINTIFFS**